*836 OPINION.
TRAmmell:
The material facts of this proceeding, as set out in our findings hereinabove, have been stipulated by the parties, who differ only as to the construction or application of the provisions of section 219 (b) of the Revenue Act of 1921. Subdivision (a) of that section provides that the tax imposed by sections 210 and 211 shall apply to the income of estates, including income received by estates *837 of deceased persons during the period of administration and settlement of the estate; and subdivision (b) provides that:
* * * The net income of the estate or trust shall he computed in the same manner and on the same basis as provided in section 212, except that (in lien of the deduction authorized by paragraph (11) of subdivision (a) of section 214) there shall also be allowed as a deduction, without limitation, any part of the gross income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in paragraph (11) of subdivision (a) of section 2i4. * * *
The section last mentioned provides:
Sec. 214. (a) That in computing net income there shall be allowed as deductions:
»»*»***
(11) Contributions or gifts made within the taxable year to or for the use of: * * * (B) any corporation * * * organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, * * * no part of the net earnings of which inures to the benefit of any private stockholder or individual * * *.
There is no dispute that the gifts, the income or profits from the sale of which forms the subject matter of this proceeding, were made to corporations coming within the above classification. Accordingly, the only issue presented for our decision is whether that part of the income or profits received by the executors during the period of administration and settlement of the estate from the sales of securities during the taxable period involved, which was allocable to and ultimately destined to be paid over to the charitable and educational corporations, constituted a lawful deduction from the gross income of the estate. The executors deducted in the amended return the amount of $231,506.81 from the gross income as representing that part of the net profits received from the sale of securities allocable to the charitable and educational corporations. Respondent disallowed said deduction and computed the deficiency involved herein.
The statute provides that any part of the gross income shall be so deductible, if, pursuant to the terms of the will, it is during the taxable year paid or permanently set aside for such purpose. The facts show that the income in question was not paid to the corporations during the taxable period, nor was any specific amount credited to them on the books of the estate during that period. Only the fractional interest of each residuary legatee was determined and recorded. Can it be said then that the amount claimed as a deduction was permanently set aside for charitable and educational purposes during the taxable period %
*838 Precisely the same question was before us in Appeal of Herbert Jermain Slocum et al., Executors, 6 B. T. A. 36, and our decision there is controlling here. In that connection, we said:
* * * We think that under the provisions of subdivision (b) of section 219 it was not necessary for the entry to be made upon the books crediting the income to these residuary legatees in order for it to be allowable as a deduction by the estate in computing its net income, if it can be said that such income was permanently set aside for the residuary legatees pursuant to the terms of the will.
* % * * * * *
We think that Congress intended by subdivision (b) of section 219 that all or any portion of the gross income of an estate should be deductible when, conformable to and in pursuance of the provisions of the will, it was appropriated and dedicated finally and for all time to charitable and religious uses as specified in section 214 (a) (11), so that, thereafter, there would be no changes which would destroy the character of such action. * * * Subdivision (b) of section 219 does not make the deduction depend upon the crediting or payment but upon the permanent setting aside of the income for charitable, religious, or educational purposes. The will directed that the residuary estate * * * be distributed to the exempt institutions. When the executors received the income it became a part of the residuary estate and was permanently set aside for and belonged to the exempt institutions. It was, therefore, a proper deduction by the estate.
See also Slocum v. Bowers, 15 Fed. (2d) 400, affirmed by the Circuit Court of Appeals, Second Circuit, 20 Fed. (2d) 350.
In the Slocum case, supra, the entire residuum of the estate, and hence the entire income thereon, was given to the exempt institutions. In the instant case, only a specified portion of the residuary estate, and hence only a proportionate part of the income thereon, was given to such corporations. However, the principle involved is exactly the same, particularly in view of the express provision of the statute that any part of the gross income under the conditions stated, shall constitute an allowable deduction, without limitation. The facts in the Slocum case, supra, are very similar to those in this proceeding, with the exception just mentioned.
In the instant case, it was the duty of the executors, under the directions contained in the seventh paragraph of the first codicil to the will, after paying any and all gifts, devises and bequests, to pay over and distribute the residue of the estate among the legatees specifically mentioned therein, including the charitable and educational institutions, in the ratio which the several gifts bore to the entire residue of the estate as the same should be determined in the due course of administration; and it was further directed that the several amounts be so paid to the said legatees as soon as possible in due course of administration, absolutely and for their own use.
Prior to the end of the taxable period involved, the executors had delivered all specific bequests and paid all general or money legacies *839 in full, together with all claims against the estate and expenses of administration. Subsequently, they set aside a part of the corpus of the residue to cover any additional tax liability or claims against the estate which might arise; and during the taxable period determined and recorded the exact fractional interest of each residuary legatee in the whole or any part of the residue of the estate. The net profits on the sales of securities received during the taxable period became a part of the residuary estate. Those profits, together with the balance of the proceeds of the sales, were permanently set aside for and belonged to the residuary legatees according to their respective fractional interests, determined pursuant to the terms of the will, and actual distribution thereof was commenced early in the succeeding year. Accordingly, we must hold that that part of the profits or income which was thus permanently set aside for and which belonged to the charitable and educational corporations constituted a proper deduction from the gross income of the estate.

Judgment will be entered on 15 days’ notice, under Rule 50.

Considered by Smith and Littleton.